IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BRAKE PLUS NWA, INC.**
**and WILLIAMS & LAKE, LLC**                                                                    **PLAINTIFFS**

**V.**                                    **CASE NO. 5:23-CV-5185**

**UNITED STATES DEPARTMENT OF TRANSPORTATION,**
**through Pete Buttigieg in his official capacity as**
**Secretary of Transportation; and NATIONAL HIGHWAY**
**TRAFFIC SAFETY ADMINISTRATION, through Ann Carlson**
**in her official capacity as Acting Administrator**
**of the National Highway Traffic Safety Administration**                    **DEFENDANTS**

## ORDER DENYING STAY

Before the Court is Plaintiffs' Motion for Injunction Pending Appeal (Doc. 46), which Defendants oppose, *see* Doc. 48. Plaintiffs brought this action alleging that Defendants planned to undertake certain agency action that would irreparably harm Plaintiffs' businesses. In a Memorandum Opinion and Order issued on September 24, 2024, *see* Doc. 40, the Court concluded that Plaintiffs' concerns were unripe and unreviewable due to a lack of final agency action, denied the request for preliminary injunction, and dismissed the matter *sua sponte*. Plaintiffs appealed. *See* Doc. 42.

The instant Motion asks the Court to enjoin Defendants from taking any action while the matter is on appeal. In considering Plaintiffs' request, the Court must "engage in the same inquiry as when it reviews the grant or denial of a preliminary injunction." *Walker v. Lockhart*, 678 F.2d 68, 70 (8th Cir. 1982). This necessarily requires consideration of the familiar *Dataphase* factors, to include: the probability that Plaintiffs will succeed on the merits of their appeal, the threat of irreparable harm to Plaintiffs, the balance between the harm to Plaintiffs and the injury that granting the injunction will inflict

1

on Defendants, and the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

Plaintiffs have appealed the Court's finding of no final agency action. The Court's decision was not a close call, and it is unlikely that Plaintiffs will succeed on the merits of their appeal. Further, the Court declines to enjoin federal agencies from taking action that is non-final and unreviewable. The balance of the equities and the public interest weigh against issuing an injunction, as well. Defendants are well within their authority and discretion to advise the public about products they believe violate federal highway safety laws.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Injunction Pending Appeal and Temporary Administrative Stay (Doc. 46) is **DENIED**.

**IT IS SO ORDERED** on this 10th day of October, 2024.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE